# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| **VERSO CORPORATION,** ) | **CASE NO.** |
| 8540 Gander Creek Drive ) | |
| Miamisburg, Ohio 45342 ) | **JUDGE** |
| ) | |
| and ) | **COMPLAINT FOR DECLARATORY** |
| ) | **JUDGMENT** |
| **VERSO CORPORATION HEALTH** ) | |
| **AND WELFARE BENEFIT PLAN,** ) | |
| 8540 Gander Creek Drive ) | **CLASS ACTION** |
| Miamisburg, Ohio 45342 ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | |
| ) | |
| **UNITED STEEL, PAPER AND** ) | |
| **FORESTRY, RUBBER,** ) | |
| **MANUFACTURING, ENERGY,** ) | |
| **ALLIED INDUSTRIAL AND SERVICE** ) | |
| **WORKERS INTERNATIONAL** ) | |
| **UNION, AFL-CIO/CLC,** ) | |
| 60 Blvd. of the Allies ) | |
| Pittsburgh, Pennsylvania 15222 ) | |
| ) | |
| and ) | |
| ) | |
| **MILTON J. ANDERSON,** ) | |
| Individually and as a Representative of ) | |
| Individuals Similarly Situated, ) | |
| 4976 M.5 Lane ) | |
| Escanaba, Michigan 49829 ) | |
| ) | |
| and ) | |
| ) | |
| **JOHN E. BUCKHOLTZ, III,** ) | |
| Individually and as a Representative of ) | |
| Individuals Similarly Situated, ) | |
| 17011 Lower Georges CK R ) | |
| Lonaconing, Maryland 21539 ) | |
| ) | |

1

| | |
|---|---|
| and | ) |
| | ) |
| **ANNE M. ANDERSON,** | ) |
| Individually and as a Representative of | ) |
| Individuals Similarly Situated, | ) |
| 4113 George Road | ) |
| Wisconsin Rapids, Wisconsin 54495 | ) |
| | ) |
| and | ) |
| | ) |
| **JEAN A. ANHALT,** | ) |
| Individually and as a Representative of | ) |
| Individuals Similarly Situated, | ) |
| 8231 Glenwood Road | ) |
| Wisconsin Rapids, Wisconsin 54494 | ) |
| | ) |
| and | ) |
| | ) |
| **JOHN C. ANDERSON,** | ) |
| Individually and as a Representative of | ) |
| Individuals Similarly Situated, | ) |
| 1211 Ashwood Drive | ) |
| Plover, Wisconsin 54467 | ) |
| | ) |
| and | ) |
| | ) |
| **INTERNATIONAL BROTHERHOOD** | ) |
| **OF ELECTRICAL WORKERS,** | ) |
| **AFL-CIO,** | ) |
| 900 Seventh Street, N.W. | ) |
| Washington, D.C. 20001 | ) |
| | ) |
| and | ) |
| | ) |
| **JAMES W. FOLCIK,** | ) |
| Individually and as a Representative of | ) |
| Individuals Similarly Situated, | ) |
| 4412 C Road | ) |
| Bark River, Michigan 49807 | ) |
| | ) |
| and | ) |
| | ) |
| **KENNETH B. SMITH,** | ) |
| Individually and as a Representative of | ) |
| Individuals Similarly Situated, | ) |
| 19077 Garrett Highway | ) |

Oakland, Maryland 21550                        )
                                               )
and                                            )
                                               )
**DOUGLAS A. CAROLFI,**                        )
Individually and as a Representative of        )
Individuals Similarly Situated,                )
1526 4th Street North                          )
Rudolph, Wisconsin 54475                       )
                                               )
and                                            )
                                               )
**INTERNATIONAL BROTHERHOOD**                  )
**OF TEAMSTERS, CHAUFFEURS,**                  )
**WAREHOUSEMEN AND HELPERS**                   )
**OF AMERICA, AFL-CIO,**                       )
25 Louisiana Avenue, N.W.                      )
Washington, D.C. 20001                         )
                                               )
and                                            )
                                               )
**WENDY L. BOWMAN,**                           )
Individually and as a Representative of        )
Individuals Similarly Situated,                )
8719 Highway M-35                              )
Gladstone, Michigan 49837                      )
                                               )
and                                            )
                                               )
**THE INTERNATIONAL**                          )
**ASSOCIATION OF MACHINISTS AND**              )
**AEROSPACE WORKERS, AFL-CIO,**                )
9000 Machinists Place                          )
Upper Marlboro, Maryland 20772                 )
                                               )
and                                            )
                                               )
**RONALD P. ASHBECK,**                         )
Individually and as a Representative of        )
Individuals Similarly Situated,                )
6125 State Highway 186                         )
Vesper, Wisconsin 54489                        )
                                               )
and                                            )
                                               )
**THE OFFICE AND PROFESSIONAL**                )

3

| | |
|---|---|
| **EMPLOYEES' INTERNATIONAL UNION, AFL-CIO,** <br> 80 Eighth Avenue <br> New York, New York 10011 <br><br> and <br><br> **SUSAN M. BAKOVKA,** <br> Individually and as a Representative of <br> Individuals Similarly Situated, <br> 1386A Raindance Trail <br> Nekoosa, Wisconsin 54457 <br><br> and <br><br> **THE UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRY, AFL-CIO,** <br> Three Park Place <br> Annapolis, Maryland 21401 <br><br> and <br><br> **BRADLEY A. BALDOCK,** <br> Individually and as a Representative of <br> Individuals Similarly Situated, <br> 2210 Lovewood Drive <br> Wisconsin Rapids, Wisconsin 54494 <br><br>                   **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Now comes Plaintiffs Verso Corporation ("Verso") and Verso Corporation Health and Welfare Benefit Plan ("Verso Benefit Plan") (collectively, "Plaintiffs"), by and through their undersigned counsel, and set forth their Complaint as follows:

## INTRODUCTION

1. Plaintiffs bring this action for declaratory judgment pursuant to the Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-2202, the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), and the Employee Retirement Income Security Act ("ERISA"),

4

29 U.S.C. § 1132, seeking to resolve an actual controversy arising out of Verso's decision to eliminate healthcare benefits for union-represented employees who retired prior to age 65 from Verso or one of its predecessors between December 21, 2012, and December 31, 2017 ("Defendant Pre-65 Retirees"). During their employment with Verso and/or one of its predecessors, Defendant Pre-65 Retirees were represented by Defendants United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLC ("Defendant USW"), the International Brotherhood of Electrical Workers, AFL-CIO ("Defendant IBEW"), the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL-CIO ("Defendant IBT"), the International Association of Machinists and Aerospace Workers, AFL-CIO ("Defendant IAM"), the Office and Professional Employees' International Union, AFL-CIO ("Defendant OPEIU"), or the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry, AFL-CIO ("Defendant UA") (collectively, "Defendant Unions").

2. Defendants USW, IBEW, and IBT, through their affiliated locals, filed grievances under their respective local collective-bargaining agreements claiming that Verso's decision to eliminate healthcare benefits for Defendant Pre-65 Retirees violated their respective local collective-bargaining agreements and/or a master collective-bargaining agreement Verso's predecessors negotiated with Defendant Unions. Copies of the grievances are included as **Exhibit 1**.

3. Verso seeks a declaration that the healthcare benefits previously provided to Defendant Pre-65 Retirees were not vested and, therefore, Verso did not violate the collective-bargaining agreements or ERISA by eliminating them.

5

## THE PARTIES

4. Verso is a Delaware corporation with its principal place of business and corporate headquarters located at 8540 Gander Creek Drive, Miamisburg, Ohio 45342. Verso is a leading North American producer of printing papers, specialty papers and pulp. Verso managed and administered ERISA plans at its headquarters in Miamisburg, Ohio.

5. Verso acquired NewPage Holdings Inc. ("NewPage") in January 2015, including NewPage subsidiaries Escanaba Paper Company, Luke Paper Company, and NewPage Wisconsin System Inc. (collectively, "NewPage Subsidiaries"). At the time of the acquisition, Escanaba Paper Company owned and operated a paper mill in Escanaba, Michigan ("Escanaba Mill"); Luke Paper Company owned and operated a paper mill in Luke, Maryland ("Luke Mill"); and NewPage Wisconsin System Inc. owned and operated paper mills in Stevens Point, Wisconsin ("Stevens Point Mill") and Wisconsin Rapids, Wisconsin ("Wisconsin Rapids Mill") (collectively, "Central Wisconsin Mills"). When Verso acquired NewPage, it assumed the various collective-bargaining agreements in effect between NewPage Subsidiaries and Defendant Unions, each of which provided for certain employee and retiree benefits. Verso therefore became the employer of the employees of the NewPage Subsidiaries and the plan administrator under ERISA upon its acquisition of NewPage.

6. Verso Benefit Plan is a welfare benefit plan as defined by ERISA, 29 U.S.C. § 1002(1). Verso Benefit Plan is administered, and interpretations regarding Verso's rights and obligations under the relevant plan documents are made, in Miamisburg, Ohio.

7. Defendant USW is a labor organization headquartered in Pittsburgh, Pennsylvania. Defendant USW maintains offices and duly authorized agents in Ohio, and within this district, who act for and on behalf of Defendant USW members.

8. Defendant Milton J. Anderson worked at the Escanaba Mill and was represented by Defendant USW and its affiliated local, USW Local No. 2-21, at all relevant times. He retired from Verso or its predecessor on July 1, 2016, and received healthcare benefits until December 31, 2017. Absent Verso's decision to eliminate the healthcare benefits, he would have continued to receive them until he turned age 65 (or became eligible for Medicare).

9. Defendant John E. Buckholtz, III, worked at the Luke Mill and was represented by Defendant USW and its affiliated local, USW Local No. 8-676, at all relevant times. He retired from Verso or its predecessor on May 1, 2017, and received healthcare benefits until December 31, 2017. Absent Verso's decision to eliminate the healthcare benefits, he would have continued to receive them until he turned age 65 (or became eligible for Medicare).

10. Defendant Anne M. Anderson worked at the Stevens Point Mill and was represented by Defendant USW and its affiliated local, USW Local No. 2-116, at all relevant times. She retired from Verso or its predecessor on October 1, 2013, and received healthcare benefits until March 31, 2018. Absent Verso's decision to eliminate the healthcare benefits, she would have continued to receive them until she turned age 65 (or became eligible for Medicare).

11. Defendant Jean A. Anhalt worked at the Wisconsin Rapids Mill and was represented by Defendant USW and its affiliated local, USW Local No. 2-94, at all relevant times. She retired from Verso or its predecessor on January 1, 2017, and received healthcare benefits until March 31, 2018. Absent Verso's decision to eliminate the healthcare benefits, she would have continued to receive them until she turned age 65 (or became eligible for Medicare).

12. Defendant John C. Anderson worked at the Wisconsin Rapids Mill and was represented by Defendant USW and its affiliated local, USW Local No. 2-187, at all relevant times. He retired from Verso or its predecessor on November 1, 2017, and received healthcare benefits until March 31, 2018. Absent Verso's decision to eliminate the healthcare benefits, he would have continued to receive them until he turned age 65 (or became eligible for Medicare).

13. Defendant IBEW is a labor organization headquartered in Washington, D.C. Defendant IBEW maintains offices and duly authorized agents in Ohio, and within this district, who act for and on behalf of Defendant IBEW members.

14. Defendant James W. Folcik worked at the Escanaba Mill and was represented by Defendant IBEW and its affiliated local, IBEW Local No. 906 (formerly IBEW Local No. 979), at all relevant times. He retired from Verso or its predecessor on May 1, 2015, and received healthcare benefits until December 31, 2017. Absent Verso's decision to eliminate the healthcare benefits, he would have continued to receive them until he turned age 65 (or became eligible for Medicare).

15. Defendant Kenneth B. Smith worked at the Luke Mill and was represented by Defendant IBEW and its affiliated local, IBEW Local No. 1653, at all relevant times. He retired from Verso or its predecessor on May 1, 2013, and received healthcare benefits until December 31, 2017. Absent Verso's decision to eliminate the healthcare benefits, he would have continued to receive them until he turned age 65 (or became eligible for Medicare).

16. Defendant Douglas A. Carolfi worked at the Stevens Point Mill and was represented by Defendant IBEW and its affiliated local, IBEW Local No. 1147, at all relevant times. He retired from Verso or its predecessor on December 1, 2013, and received healthcare

benefits until March 31, 2018. Absent Verso's decision to eliminate the healthcare benefits, he would have continued to receive them until he turned age 65 (or became eligible for Medicare).

17. Defendant IBT is a labor organization headquartered in Washington, D.C. Defendant IBT maintains offices and duly authorized agents in Ohio, and within this district, who act for and on behalf of Defendant IBT members.

18. Defendant Wendy L. Bowman worked at the Escanaba Mill and was represented by Defendant IBT and its affiliated local, IBT Local No. 486, at all relevant times. She retired from Verso or its predecessor on July 2, 2017, and received healthcare benefits until December 31, 2017. Absent Verso's decision to eliminate the healthcare benefits, she would have continued to receive them until she turned age 65 (or became eligible for Medicare).

19. Defendant IAM is a labor organization headquartered in Upper Marlboro, Maryland. Defendant IAM maintains offices and duly authorized agents in Ohio, and within this district, who act for and on behalf of Defendant IAM members.

20. Defendant Ronald P. Ashbeck worked at the Wisconsin Rapids Mill and was represented by Defendant IAM and its affiliated local, IAM Local No. 655, at all relevant times. He retired from Verso or its predecessor on February 1, 2016, and received healthcare benefits until March 31, 2018. Absent Verso's decision to eliminate the healthcare benefits, he would have continued to receive them until he turned age 65 (or became eligible for Medicare).

21. Defendant OPEIU is a labor organization headquartered in New York, New York. Defendant OPEIU maintains offices and duly authorized agents in Ohio, and within this district, who act for and on behalf of Defendant OPEIU members.

22. Defendant Susan M. Bakovka worked at the Wisconsin Rapids Mill and was represented by Defendant OPEIU and its affiliated local, OPEIU Local No. 95, at all relevant

times. She retired from Verso or its predecessor on January 1, 2014, and received healthcare benefits until March 31, 2018. Absent Verso's decision to eliminate the healthcare benefits, she would have continued to receive them until she turned age 65 (or became eligible for Medicare).

23. Defendant UA is a labor organization headquartered in Annapolis, Maryland. Defendant UA maintains offices and duly authorized agents in Ohio, and within this district, who act for and on behalf of Defendant UA members.

24. Defendant Bradley A. Baldock worked at the Stevens Point Mill and was represented by Defendant UA and its affiliated local, UA Local No. 434, at all relevant times. He retired from Verso or its predecessor on June 1, 2016, and received healthcare benefits until March 31, 2018. Absent Verso's decision to eliminate the healthcare benefits, he would have continued to receive them until he turned age 65 (or became eligible for Medicare).

**JURISDICTION & VENUE**

25. Plaintiffs seek relief under the DJA, 28 U.S.C. §§ 2201-2202, the LMRA, 29 U.S.C. § 185(a), and ERISA, 29 U.S.C. § 1132. As each count of the Complaint raises federal questions, this Court has jurisdiction pursuant to 29 U.S.C. § 1331.

26. Venue in this judicial district is proper under ERISA because the relevant welfare benefit plans are and were administered at Verso's headquarters in Miamisburg, Ohio. The termination of welfare benefits occurred from Verso's headquarters and, therefore, the alleged violation also occurred within this district. Venue is also proper under the LMRA because Defendant Unions are engaged in representing or acting for employee members within this judicial district, including negotiating a master collective-bargaining agreement with Verso's predecessors in this district.

## FACTUAL BACKGROUND

27. NewPage Subsidiaries were parties to a master collective-bargaining agreement with Defendant Unions effective December 21, 2012, to December 20, 2016 ("Master CBA"). **Exhibit 2.** Each NewPage Subsidiary was also a party to a local collective-bargaining agreement with one or more Defendant Unions, on behalf of their affiliated locals, at their respective mills ("Local CBAs").

28. Escanaba Paper Company was a party to a local collective-bargaining agreement with Defendant USW on behalf of USW Local No. 2-21, initially effective June 1, 2008, to May 31, 2014 ("Escanaba USW Local CBA"). **Exhibit 3.** Escanaba Paper Company was a party to a local collective-bargaining agreement with Defendant IBEW on behalf of IBEW Local No. 906 (formerly IBEW Local No. 979), initially effective June 1, 2008, to June 1, 2012 ("Escanaba IBEW Local CBA"). **Exhibit 4.** Escanaba Paper Company was a party to a local collective-bargaining agreement with Defendant IBT on behalf of IBT Local No. 486, initially effective July 1, 2008, to June 30, 2014 ("Escanaba IBT Local CBA"). **Exhibit 5.** The Master CBA extended the Escanaba USW Local CBA, the Escanaba IBEW Local CBA, and the Escanaba IBT Local CBA (collectively, "Escanaba Local CBAs") to June 1, 2017.

29. Luke Paper Company was a party to a local collective-bargaining agreement with Defendant USW on behalf of USW Local No. 676, initially effective December 1, 2012, to December 1, 2016 ("Luke USW Local CBA"). **Exhibit 6.** Luke Paper Company was a party to a local collective-bargaining agreement with Defendant IBEW on behalf of IBEW Local No. 1653, initially effective January 15, 2009, to January 15, 2013 ("Luke IBEW Local CBA"). **Exhibit 7.**

The Master CBA extended the Luke USW Local CBA and the Luke IBEW Local CBA (collectively, "Luke Local CBAs") to December 1, 2016.

30. NewPage Wisconsin System Inc. was a party to a local collective-bargaining agreement with Defendant USW on behalf of USW Local No. 2-94, USW Local No. 2-116, and USW Local No. 2-187, initially effective April 1, 2010, to March 31, 2015 ("Central Wisconsin USW Local CBA"). **Exhibit 8.** NewPage Wisconsin System Inc. was a party to a local collective-bargaining agreement with Defendant IBEW on behalf of IBEW Local No. 1147, initially effective October 10, 2010, to September 30, 2015 ("Central Wisconsin IBEW Local CBA"). **Exhibit 9.** NewPage Wisconsin System Inc. was a party to a local collective-bargaining agreement with Defendant IAM on behalf IAM Local No. 655, initially effective October 1, 2010, to September 30, 2015 ("Central Wisconsin IAM Local CBA"). **Exhibit 10.** NewPage Wisconsin System Inc. was a party to a local collective-bargaining agreement with Defendant OPEIU on behalf of OPEIU Local No. 95, initially effective September 30, 2010, to September 30, 2015 ("Central Wisconsin OPEIU Local CBA"). **Exhibit 11.** NewPage Wisconsin System Inc. was a party to a local collective-bargaining agreement with Defendant UA on behalf of UA Local No. 434, initially effective October 1, 2010, to September 30, 2015 ("Central Wisconsin UA Local CBA"). **Exhibit 12.** The Master CBA extended the Central Wisconsin USW Local CBA, the Central Wisconsin IBEW Local CBA, the Central Wisconsin IAM Local CBA, the Central Wisconsin OPEIU Local CBA, and the Central Wisconsin UA Local CBA (collectively, "Central Wisconsin Local CBAs") to March 31, 2018.

31. When Verso acquired NewPage in January 2015, it assumed the Master CBA and the Local CBAs, which provided for certain retiree benefits pursuant to the NewPage Corporation Welfare Benefit Program and/or the NPWSI Retiree Health Plan (also known as the NewPage

12

Wisconsin System Inc. Retiree Health Plan) (collectively, "NewPage Benefit Programs"). One such benefit under the NewPage Benefit Programs was healthcare coverage, as well as a company contribution towards healthcare coverage (or a company contribution towards a premium reimbursement account for retirees to pay for coverage under a non-company healthcare plan), up to age 65 (or until eligible for Medicare) ("Pre-65 Retiree Medical Plan"). Under the Pre-65 Retiree Medical Plan, eligible retirees could enroll in the Health Reimbursement Account ("HRA") Advantage Plan or the Premium Reimbursement Option ("PRO"). Pre-65 Retiree Medical Plan eligibility requirements and contribution amounts and limits varied among locations. At all locations, however, coverage under the Pre-65 Retiree Medical Plan ended at age 65 (or at Medicare eligibility).

32. The Central Wisconsin Local CBAs provided that, before January 1, 2014, to be eligible for a company contribution towards retiree medical coverage, retirees had to be hired before January 1, 2005, be between ages 55 and 65 (or as a result of a disability retirement at any age) when they retire, and have at least 10 years of service with the company. The Central Wisconsin Local CBAs provided that, effective January 1, 2014, to be eligible for a company contribution towards retiree medical coverage, retirees had to be hired before January 1, 2005, be between ages 62 and 65 (or as a result of a disability retirement at any age) when they retire, and have at least 12 years of service with the company. Additionally, the plan provided by The Central Wisconsin Local CBAs was summarized in the applicable summary plan description. **Exhibit 13**.

33. The Escanaba Local CBAs referred to separate plan documents for retiree healthcare eligibility requirements. The applicable Summary Plan Description for Escanaba Pre-65 Retirees ("Escanaba SPD") provided that, to be eligible for retiree medical benefits, retirees

13

had to be hired before January 1, 2005, be between ages 62 and 65 when they retire, and have at least 12 years of service with the company. **Exhibit 14**.

34. The Luke Local CBAs referred to separate plan documents for retiree healthcare eligibility requirements. The applicable Summary Plan Description for Luke Pre-65 Retirees ("Luke SPD") provided that, to be eligible for retiree medical benefits, retirees had to be between ages 62 and 65 when they retire (or as a result of a disability retirement at any age). **Exhibit 15**.

35. On or around August 8, 2017, Verso announced that it would be eliminating the Pre-65 Retiree Medical Plan effective January 1, 2018, for Defendant Pre-65 Retirees who retired from the Escanaba Mill or the Luke Mill, and effective April 1, 2018, for Defendant Pre-65 Retirees who retired from the Central Wisconsin Mills.

36. On August 9, 2017, IBEW Local No. 906 filed a grievance on behalf of Defendant Pre-65 Retirees who worked at the Escanaba Mill and who were represented by Defendant IBEW challenging Verso's decision to eliminate the Pre-65 Retiree Medical Plan effective January 1, 2018.

37. On August 14, 2017, USW Local No. 2-94, USW Local No. 2-116, and USW Local No. 2-187 filed a joint grievance on behalf of Defendant Pre-65 Retirees who worked at the Central Wisconsin Mills and who were represented by Defendant USW challenging Verso's decision to eliminate the Pre-65 Retiree Medical Plan effective April 1, 2018.

38. On August 16, 2017, USW Local No. 2-21 filed a grievance on behalf of Defendant Pre-65 Retirees who worked at the Escanaba Mill and who were represented by Defendant USW challenging Verso's decision to eliminate the Pre-65 Retiree Medical Plan effective January 1, 2018.

39. On August 17, 2017, IBT Local No. 486 filed a grievance on behalf of Defendant Pre-65 Retirees who worked at the Escanaba Mill and who were represented by Defendant IBT challenging Verso's decision to eliminate the Pre-65 Retiree Medical Plan effective January 1, 2018.

40. On August 17, 2017, USW Local No. 8-676 filed a grievance on behalf of Defendant Pre-65 Retirees who worked at the Luke Mill and who were represented by Defendant USW challenging Verso's decision to eliminate the Pre-65 Retiree Medical Plan effective January 1, 2018.

41. On January 1, 2018, Verso eliminated the Pre-65 Retiree Medical Plan for Defendant Pre-65 Retirees who retired from the Escanaba Mill and the Luke Mill. On April 1, 2018, Verso eliminated the Pre-65 Retiree Medical Plan for Defendant Pre-65 Retirees who retired from the Central Wisconsin Mills.

42. While Verso eliminated the Pre-65 Retiree Medical Plan it sponsored, Verso made available the services of a private insurance broker (with private exchange offerings) to connect impacted individuals with alternative healthcare coverage options.

43. The Pre-65 Retiree Medical Plan was a "welfare benefit" as defined by ERISA. Under ERISA, welfare benefits are unvested absent an express promise evidencing an intent to vest such benefits. Neither the Local CBAs, the Master CBA, nor any other documents includes an express or implied promise evidencing an intent to vest such benefits. Moreover, applicable plan documents expressly reserve the plan sponsor's right to amend or terminate the plans at any time. Therefore, Verso was entitled to unilaterally eliminate these benefits.

**CLASS ALLEGATIONS**

44. Joinder of numerous retirees of the proposed class and/or subclasses would number into the hundreds and would be impracticable.

45. Defendant Pre-65 Retirees seek continued healthcare benefits, including healthcare subsidies, from the same employer under similar collectively bargained agreements, employee benefit plans, and under a Master CBA.

46. There are common questions of law and fact that relate to and affect the proposed class of retirees – namely, whether retiree healthcare benefits, including healthcare subsidies, were vested or unvested.

47. The nature of the relief sought is common to all retiree class members.

48. The claims of any class representative would be typical of the claims of all class members. The retirees all seek reinstatement of retiree healthcare benefits, and they do so under the theory that the benefits were vested and could not be unilaterally terminated. There would be no conflict between any class representative and any member of the retiree class.

49. This action is properly maintained as a class action under Federal Rule of Civil Procedure 23(b)(2), in that Defendant Unions have asserted that Plaintiffs acted on grounds generally applicable to the class by unilaterally eliminating retiree healthcare benefits in violation of the applicable collective-bargaining agreements, thereby making final declaratory relief appropriate with respect to the class as a whole.

50. Alternatively, this action is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3), as common questions of law and fact described herein predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

51. Alternatively, this action is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(1). Because of the uniform standards imposed by the LMRA and ERISA, the prosecution of separate actions by individual members would create a risk of inconsistent adjudications that would establish incompatible standards of conduct for Plaintiffs and because adjudications would be dispositive of the interests of non-party class members or substantially impair such non-party class members' ability to protect their interests.

### COUNT I – DECLARATION AS TO VERSO'S RIGHT TO ELIMINATE BENEFITS UNDER THE LMRA

52. Plaintiffs incorporate each of the foregoing averments in paragraphs 1-51 as if set forth verbatim herein.

53. Neither the Local CBAs, the Master CBA, nor any other documents prohibits Verso from eliminating, effective January 1, 2018, the Pre-65 Retiree Medical Plan for Defendant Pre-65 Retirees who retired from the Escanaba Mill or the Luke Mill.

54. Neither the Local CBAs, the Master CBA, nor any other documents prohibits Verso from eliminating, effective April 1, 2018, the Pre-65 Retiree Medical Plan for Defendant Pre-65 Retirees who retired from the Central Wisconsin Mills.

55. Neither the Local CBAs, the Master CBA, nor any other documents provides Defendant Pre-65 Retirees with a vested right to healthcare benefits, including retiree healthcare subsidies. Moreover, applicable plan documents expressly reserve the plan sponsor's right to amend or terminate the plans at any time.

56. Plaintiffs have no adequate remedy at law and require a declaration from this Court that Verso was entitled to eliminate the Pre-65 Retiree Medical Plan under the Local CBAs and Master CBA.

57. Upon consideration of this dispute, the Court should enter judgment declaring that Verso had the right to eliminate the Pre-65 Retiree Medical Plan under the Local CBAs and Master CBA.

## COUNT II – DECLARTION THAT VERSO DID NOT VIOLATE ERISA

58. Plaintiffs incorporate each of the foregoing averments in paragraphs 1-57 as if repeated herein verbatim.

59. The Local CBAs and Master CBA, taken together with the referenced and incorporated SPDs, are ERISA plan documents.

60. The retiree healthcare benefits provided under the Local CBAs and the Master CBA are welfare benefits, not pension benefits, within the meaning of § 3(1) of ERISA, 29 U.S.C. § 1002(1).

61. Welfare benefits do not vest unless there is a specific promise that the welfare benefits will vest.

62. Neither the Local CBAs, the Master CBA, nor any other documents provides that retiree healthcare benefits, including healthcare subsidies for Defendant Pre-65 Retirees, vest. To the contrary, these documents establish no intention to vest retiree healthcare benefits. Moreover, applicable plan documents expressly reserve the plan sponsor's right to amend or terminate the plans at any time.

63. Plaintiffs have no adequate remedy at law and require a declaration from this Court that Verso's elimination of the Pre-65 Retiree Medical Plan did not violate ERISA.

64. Upon consideration of this dispute, the Court should enter judgment declaring that Verso had the right to eliminate the Pre-65 Retiree Medical Plan under ERISA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Court enter judgment:

A. Declaring that Verso's decision to eliminate the Pre-65 Retiree Medical Plan did not breach any collective-bargaining agreements between Verso (and its predecessors) and Defendant Unions; and,

B. Declaring that Verso's decision to eliminate the Pre-65 Retiree Medical Plan did not violate ERISA; and,

C. Awarding Plaintiffs reasonable costs and fees incurred in this action; and,

D. Granting such other and further relief as this Court may find appropriate.

Respectfully submitted,

*/s/ Curtis G. Moore*
Jeffrey D. Smith (0078351)
Curtis G. Moore (0091209)
FISHER & PHILLIPS LLP
250 West Street, Suite 400
Columbus, Ohio 43215
(614) 221-1425 – Telephone
(614) 221-1409 – Fax
jdsmith@fisherphillips.com
cmoore@fisherphillips.com

*Attorneys for Plaintiffs*