IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VERSO CORPORATION, et al.,

    Plaintiffs,

v.

UNITED STEEL, PAPER AND
FORESTRY, RUBBER,
MANUFACTURING, ENERGY,
ALLIED INDUSTRIAL AND
SERVICE WORKERS
INTERNATIONAL UNION, AFL-
CIO/CLC, et al.,
    Defendants.

Case No. 3:19-cv-0006

JUDGE WALTER H. RICE

---

DECISION AND ENTRY OVERRULING PLAINTIFFS' MOTION FOR
RECONSIDERATION AND IN THE ALTERNATIVE FOR AN
AMENDED ORDER GRANTING RIGHT TO APPEAL UNDER 28 U.S.C.
§ 1292(b) (DOC. #104)

---

Plaintiffs, Verso Corporation ("Verso") and Verso Health and Welfare Benefit Plan (collectively "Plaintiffs"), have filed a Motion for Reconsideration ("Motion") of this Court's May 4, 2021, Decision and Entry. Doc. #104. In that Decision and Entry, the Court sustained a motion for reconsideration filed by Defendant, United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO-CLC's ("the USW" or "Defendant"), ordered USW and Plaintiffs to arbitrate Verso's decision to eliminate certain healthcare benefits for its pre-65 retirees class-wide and

required Defendant to secure the consent of each retiree it will represent prior to the arbitration. Doc. #103.

In the alternative, Plaintiffs' Motion seeks certification of an immediate interlocutory appeal to the U.S. Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1292(b). Doc. #104.

## I. Background and Procedural History

In August 2017, Verso announced the elimination of certain healthcare benefits for union-represented employees who retired prior to age 65 from Verso, or one of its predecessors, between December 21, 2012, and December 31, 2017. Following this announcement, USW filed grievances for "about 178 employees who retired under the then-in-force" 2012 Master Collective Bargaining Agreement ("CBA").[1] Doc. #1, PageID#15. Thereafter, on January 8, 2019, Verso filed suit, a Declaratory Judgment action.

The Complaint, which included class action allegations, sought a declaratory judgment that its elimination of retiree healthcare benefits did not violate the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), the applicable bargaining agreements and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132. *Id.*, PageID##4-6. The named Defendants

---

[1] The USW is a party, along with Verso, to the 2012 "Master CBA governing the three USW-represented bargaining units and to the separate local CBAs setting terms specific to each plant." Doc. #93, PageID#2073-74.

2

consisted of six unions, including USW, and 12 retired individuals from Verso and its predecessor company. In response to the Complaint, five separate motions to dismiss were filed, Doc. ##40, 41, 42, 43 and 82, and USW filed a Motion to Compel Arbitration, Doc. #44. As a result of voluntary dismissals, Doc. ##46 and 94, and the Court's Decision and Entry sustaining the five motions to dismiss and overruling USW's Motion to Compel Arbitration, Doc. #91, only USW and two other unions remained as Defendants.

On April 10, 2020, USW filed a Motion for Reconsideration of the Court's denial of its Motion to Compel Arbitration. Doc. #93. It argued that the 2012 Master CBA governs "the three USW-represented bargaining units to the separate local CBAs setting terms specific to each plant." *Id.*, PageID#2073-74. As such, the Master CBA makes all contract disputes at the three Verso mills in Wisconsin, Michigan and Maryland subject to the "arbitration processes" of the local CBAs. Doc. #1-2, PageID#30; Doc. #1-8, PageID#395; Doc. #1-3, PageID#71; and Doc. #1-6, PageID#208. *Id.*, PageID#2073-74.

On May 4, 2021, the Court sustained USW's Motion for Reconsideration. Doc. #103. In that ruling, the Court (1) considered the grievances filed by the local unions concerning the elimination of certain healthcare benefits for the pre-65 Verso retirees; (2) examined the grievance and arbitration processes in the USW-Verso collective bargaining agreements ("CBAs") for the Central Wisconsin Mill in Wisconsin, the Escanaba Mill in Michigan and the Luke Mill in Maryland and; (3) reviewed the applicable case law, including the Sixth Circuit's recent decision in

3

*USW v. LLFlex, LLC*, 852 Fed.Appx. 891 (6th Cir. 2021). Following this analysis, the Court held that Plaintiffs and Defendant were required to arbitrate the grievances class-wide and that prior to the arbitration, the USW must obtain consent from each of the potential 178 affected pre-65 Verso retirees it intends to represent at the arbitration. *Id.*, PageID#2145.

Plaintiffs move for reconsideration of the May 4, 2021, Decision and Entry, Doc. #103, contending that the Court committed two errors of law. First, they assert that the "structure of the grievance procedure" found in the three local CBAs is "forceful evidence" that the "Parties[2] did not intend to arbitrate retiree-related disputes." Second, they argue that the Court's order requiring the USW to obtain consent from the retirees is "class-wide arbitration" to which Verso did not agree, Doc. #104, PageID#2147.

Alternatively, Plaintiffs request that the Court amend the May 4, 2021, Decision and Entry and certify these two issues pursuant to 28 U.S.C. § 1292(b).

## II. Standard of Review

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. Motions for reconsideration are often treated as motions to alter or amend a judgment under Federal Rule of Civil Procedure 59(e), if filed within 28 days after the entry of judgment. In this case, however, because no final

---

[2] Following its January 2015 acquisition of New Page Holdings, Inc. and its subsidiaries, Verso became a party to the Master CBA and local CBAs.

4

judgment has been entered, Rule 59(e) is inapplicable. *See Russell v. GTE Gov't Sys. Corp.*, 141 F. App'x 429, 436 (6th Cir. 2005) (holding that because there was no final judgment when the court entertained the motion for reconsideration, Rule 59(e) did not apply).

Nevertheless, "[d]istrict courts have authority both under common law and [Federal Rule of Civil Procedure] 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). See also *Am. Civil Liberties Union of Ky. v. McCreary Cty., Ky.*, 607 F.3d 439, 450 (6th Cir. 2010) (noting that where the district court has not yet entered final judgment, it is "free to reconsider or reverse its decision for any reason.").

Typically, however, courts will reconsider an interlocutory order only when there is "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Cty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (quotation omitted). *See also Northeast Ohio Coalition for Homeless v. Brunner*, 652 F. Supp. 2d 871, 877 (S.D. Ohio 2009) ("Motions for reconsideration are not intended to re-litigate issues previously considered by the Court or to present evidence that could have been raised earlier.").

### III. Legal Analysis

#### A. Arbitration of Retiree-Related Health Disputes

In the May 4, 2021, Decision and Entry, Doc. #103, the Court found that USW, as a party to the 2012 Master CBA, was a party to the grievance and arbitration processes set forth in the three local CBAs. The Court also found that the language used in these sections of the three CBAs was "broad:" (1) "any dispute. . .initiated by the employee and/or the Union (Central Wisconsin Mill) (emphasis added); (2) "all complaints and grievances involving the interpretation and compliance with this Agreement" (Escanaba Mill) (emphasis added); and (3) "differences arising out of the interpretation, application or alleged violation of any provision of this agreement" (Luke Mill) (emphasis added). Doc. #103, PageID#2135-2136. Importantly, the three local CBAs do not exclude arbitration of retirement healthcare disputes and, as Plaintiffs stated in their Complaint, healthcare benefits are within the "substantive scope" of the three local CBAs. Doc. #1, PageID#12-14.

Applying "the presumption of arbitrability" and finding that there was no "positive assurance" that the grievance and arbitration processes excluded a dispute involving retirees and healthcare coverage to overcome this presumption, *Granite Rock v. Int'l Bhd. Of Teamsters,* 561 U.S. 287, 301, 130 S.Ct. 2847 (2010) (quoting *AT & T Technologies, Inc. v. Communications Workers*, 475 U.S. 643, 650, 106 S.Ct. 1415 (1986)), and further considering the relevant Sixth Circuit authority in *Cleveland Electric v. UWU,* 440 F.3d 809, 818 (6th Cir. 2006) and *USW*

6

*v. Cooper Tire & Rubber Co.*, 474 F.3d 271, 281-282 (6th Cir. 2007), the Court held that arbitration was required.

Plaintiffs argue that a clear error of law exists in the May 4, 2021, Decision and Entry based upon the "structure" of the grievance and arbitration processes in the three local CBAs. In support of this argument, they cite to *Fletcher v. Honeywell, Int'l, Inc.*, 207 F. Supp. 3d 793 (S.D. Ohio 2016) (Rice, J.) and *USW v. LLFlex, LLC,* 852 Fed.Appx. 891 (6th Cir. 2021). Plaintiffs' reliance on these cases, however, is misplaced.

While there are similarities in the grievance and arbitration processes in *Fletcher* and the three local CBAs at issue in this case, Plaintiffs ignore an important difference: the plaintiffs who filed suit in *Fletcher* were four individual retirees and were not parties to the CBA.[3] This difference is important because the grievance and arbitration provisions in the *Fletcher* CBA provided that "the term 'grievance' means any dispute between the Company and the union, or between the Company and any employee or group of employees, concerning the effect, interpretation, application, claim of breach, or violation of this agreement." *Id.* at 796. Because the *Fletcher* plaintiffs were retirees, they were not employees, *Allied Chem. & Alkali Workers of Am., Local Union No. 1 v. Pittsburgh Plate Glass Co.*, 404 U.S. 157, 168, 92 S.Ct. 383, 30 L.Ed.2d 341 (1971) ("[t]he ordinary meaning of 'employee' does not include retired workers") and they also were not "the union."

---

[3] As retirees, the attorney for plaintiffs in Fletcher sent a "grievance letter" to their former employer with a request to arbitrate. Honeywell refused and suit was filed. *Id.*, at 795.

7

Accordingly, the Court found that the employer in *Fletcher* did not consent to arbitration with the four retired plaintiffs. The Court in *Fletcher* also noted that had the dispute been brought by the union and not the retirees, it might be "more squarely within" the arbitration clause. 207 F.Supp.3d at 798.

In *LLFlex,* a case discussed in detail in the May 4, 2021, Decision and Entry, the Sixth Circuit agreed with the District Court that the grievance and arbitration process in that CBA was a "narrowly written arbitration clause." *Id.* at 894. Specifically, the CBA in *LLFlex* stated that there were "four escalating steps to 'any employee who feels that he/she has a just grievance,' from the employee's immediate supervisor (Step 1), to the Manufacturing or Plant Manager and grievance committee (Step 2), to the Plant Employee Relations Manager (Step 3), and then to arbitration (Step 4)." *Id.*, at 895. Additionally, the CBA's grievance and arbitration processes were limited to a "grievance committee" and to "any grievances or differences that might arise between the Company and the employees as to *working conditions, discharges, seniority rights, layoff and re-employment.*" *Id.* at 894 (emphasis in original). Accordingly, there was no "broad" language in the *LLFlex* CBAs and the retiree benefits in *LLFlex* were determined to be "not within the CBA's 'substantive scope.'" *Id.* Lacking the "'positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute' regarding those benefits, *United Steelworkers of Am. v. Mead Corp., Fine Paper Div.*, 21 F.3d 128, 131 (6th Cir. 1994) (quoting *AT & T Techs., Inc.*, 475 U.S. at 648-51, 106 S.Ct. 1415)," the Sixth

8

Circuit affirmed the District Court, found that the CBA's arbitration clause was "materially different from arbitration clauses that we have recognized as 'broad'" and did not require the employer to arbitrate the grievance concerning retiree health care benefits.

Because Plaintiffs' have failed to establish any clear error of law concerning the arbitrability of Plaintiffs' elimination of the pre-65 retirees' healthcare, their Motion for Reconsideration on this issue is overruled.

### B. Arbitration on a Class-wide Basis

In addition to ordering arbitration, the May 4, 2021, Decision and Entry required that "before taking the grievances filed by USW to the arbitration," the Verso retirees must consent to the USW's representation. "If, and only if, such consent is shown, the claims of the retirees are arbitrable." Doc. #103, PageID#2145. In requiring consent from the retirees, the Court cited to *Cleveland Electric*, 440 F.3d at 817, and *Rossetto v. Pabst Brewing Co., Inc.*, 128 F.3d 538, 539 (7th Cir.1997). Plaintiffs argue that the Court's order requiring USW to obtain consent for representation from all the pre-65 Verso retirees is a clear error of law because it creates a "class-wide arbitration" to which they did not consent and is contrary to the Supreme Court's holdings in *Stolt-Nielsen SA v. AnimalFeeds International*, 559 U.S. 662 (2010) (class action arbitration under the FAA is not permitted unless specifically agreed to by the parties), *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407 (2019) (an "ambiguous agreement" cannot provide "the

9

necessary 'contractual basis' for compelling class arbitration under the FAA) and *Epic Systems v. Lewis*, 138 S. Ct. 1612, 200 L.Ed.2d 889 (2018) (the FAA requires enforcement of arbitration agreements waiving an employee's right to pursue claims as a collective or class action, including those brought under the FLSA).

The Court's May 4, 2021, Decision and Entry does not, however, create a class action or collective action arbitration.

Class action arbitration requires that the arbitrator, before deciding the merits of a claim, first determine "whether the class itself may be certified, whether the named parties are sufficiently representative and typical, and how discovery for the class should be conducted." *AT&T Mobility LLC v. Conception*, 563 U.S. 333, 348, 131 U.S. 1740 179 L.Ed.2d 742 (2011) (discussing the procedural requirements of class action arbitration). "Class arbitration requires procedural formality" including giving absent members "notice, an opportunity to be heard, and a right to opt out of the class" in order to bind them to the arbitration outcome. *Id.* Here, there are no procedural requirements other than ensuring that any pre-65 Verso retiree consents to the USW's representation.[4] As explained in *Cleveland Electric*, consent is required because the union is a party to the CBA and "has standing to arbitrate the meaning of a collective bargaining agreement that grants rights to third parties" and the retirees have "statutory rights to the

---

[4] As stated in the May 4, 2021, Decision and Entry, "[T]he arbitrator must determine initially whether such consent has been obtained and will determine the 'nature and extent of the consent requirement.'" *Cleveland Electric*, 440 F.3d at 818" Doc. #103, PageID#2144.

10

benefits, as well as other types of claims, which they could pursue directly with the company." *Cleveland Electric*, 440 F.3d 817 (citing *Pabst Brewing*, 128 F.3d at 541.). Merely asking all 178 of the pre-65 Verso retirees to give consent to the USW for representation at the arbitration does not make it a class action arbitration.[5]

Plaintiffs next argue that the consent by the pre-65 Verso retirees to the USW's representation "is analogous to an opt-in collective action under the FLSA" and at odds with the Supreme Court's decision in *Epic Systems*. Doc. #106, PageID#2177. In *Epic Systems*, a former employee signed an agreement to individually arbitrate his employment claims. He later filed suit individually and on behalf of similarly-situated employees under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. The Supreme Court held that the National Labor Relations Act did not invalidate an employment contract requiring individual arbitration of employment claims. *Epic*, 138 S. Ct. at 1632. Such arbitration agreements that waive collective and class action suits, the Court held, are enforceable under the FAA. *Id.* Here, there is no waiver of collective or class actions in an employment agreement contract and no suit being filed under the FSLA or any other collective action statute. Instead, the USW is a party with Verso to the three local CBAs and filed a motion to compel arbitration concerning Plaintiffs' agreement to provide

---

[5] Although all 178 pre-65 Verso retirees are to be given notice by USW of the arbitration with the arbitrator to determine the exact nature and extent of the consent requirement, *Cleveland Electric*, 440 F.3d at 818, the union will represent only those retirees who give their consent to the union's representation.

11

healthcare to certain USW-represented employees who retired under the 2012 CBA. As stated earlier, the Sixth Circuit has held that a union must secure the consent of a retiree before it may pursue a claim for contractual benefits on the retiree's behalf. *Van Pamel v. TRW Vehicle Safety Systems, Inc.* 723 F.3d 664, 668 (6th Cir. 2013) (citing *Cooper Tire*, 474 F.3d at 282–83; *Cleveland Elec.*, 440 F.3d at 817). Requiring the USW to secure this consent of the pre-65 Verso retirees, with notice to all 178 of them, does not create a class or collective action in violation of the Court's holding in *Epic*.

Because Plaintiffs have failed to establish that requiring the USW to obtain consent from the pre-65 Verso retirees prior to the arbitration is a clear error of law, their Motion for Reconsideration is overruled.

### C. Immediate Interlocutory Appeal to the U.S. Court of Appeals, 28 U.S.C. § 1292(b)

Section 28 U.S.C. § 1292(b) permits a party to obtain an immediate appeal of an order from the district court in a civil case that is not otherwise appealable if, in the opinion of the district court judge, "(1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b)." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir.2002). Review under § 1292(b) is to be applied "sparingly," *Id.*, and "should be the exception, granted only in an

12

extraordinary case." *In re General Motors, LLC*, No. No.19-0107, 2019 WL 8403402, at *1 (6th Cir. 2019 Sep. 25, 2019) (citing *Kraus v. Bd. of Cty. Rd. Comm'rs for Kent Cty.*, 364 F.2d 919, 922 (6th Cir. 1966). It "is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation." *Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444, 446 (6th Cir. 1974). Unless all the elements of § 1292(b) are met, certification cannot be granted.

At issue before the Court is the interpretation of collectively-bargained agreements for health insurance benefits for pre-65 Verso retirees. This is not the type of "controlling question of law" § 1292(b) is meant to address. As used in this section, a "controlling question of law" refers to "the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Ahrenholz v. Bd. of Tr. of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000) ("[T]he question of the meaning of a contract, though technically a question of law when there is no other evidence but the written contract itself, is not what the framers of section 1292(b) had in mind"). *Bailey v Verso Corporation*, 3:17-cv-332, 2019 WL 665354, Feb. 2, 2019 (Newman, Mag. Judge[6])( § 1292(b) appeal by employer of court's denial of motion for judgment on the pleadings denied where terms of a collective bargaining agreement are patently ambiguous). Based upon the reasons stated earlier in this Decision and Entry, as well as those in the May 4, 2021, Decision and

---

[6] As of November 12, 2020, Magistrate Judge Michael J. Newman is a District Court Judge for the United States District Court for the Southern District of Ohio.

13

Entry and the authorities cited therein, arbitration between Verso and the USW concerning the contractual agreement to provide certain health insurance benefits to individuals who are pre-65 Verso retirees is required. Additionally, the Sixth Circuit precedent is clear that the USW must obtain consent from these Verso retirees prior to representing them at the arbitration. The question at issue herein is the arbitration of health insurance benefits for approximately 178 individuals who are pre-65 Verso retirees. This is not a reason to certify an immediate interlocutory appeal.

Plaintiffs have failed to establish that a "substantial ground for difference of opinion regarding the correctness" of the May 4, 2021, Decision and Entry exists. Accordingly, the alternative motion for extraordinary relief by certification of an immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is denied.

## IV. Conclusion

For the reasons set forth above, Plaintiffs' Motion for Reconsideration and in the Alternative for an Amended Order Granting Right to Appeal under 28 U.S.C. § 1292(b), Doc. #104, is denied. As stated in the May 4, 2021, Decision and Entry, Doc. #103, all further proceedings in this case are stayed pending the outcome of

14

the arbitration,[7] with counsel for the USW to notify the Court of the arbitrator's decision within five business days of receipt of same.

Date: March 29, 2022

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

---

[7] Because the pre-65 Verso retirees are unable to comply with the first three steps of the grievance procedure in the local collective bargaining agreements, they will proceed directly to arbitration.

15