IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Verso Corporation and Verso Corporation Health and
Welfare Benefit Plan,
    Plaintiffs,

v.

United Steel, Paper and Forestry,
Rubber, Manufacturing, Energy,
Allied Industrial and Service
Workers International Union ("USW") et. al..,
    Defendants.

and

Milton J. Anderson, John E. Buckholtz, and Anne M. Anderson
on behalf of themselves and similarly-situated USW retirees, and USW,
    Counter-Plaintiffs,

v.

Verso Corporation,
    Counter-Defendant.

Case No. 3:19-cv-00006
Class Action

JUDGE WALTER H. RICE

---

**ORDER: (1) GRANTING FINAL APPROVAL TO THE CLASS SETTLEMENT UNDER FED. R. CIV. P. 23; (2) DISMISSING THIS CASE WITH PREJUDICE; AND (3) ORDERING THE CLERK TO ENTER JUDGMENT ACCORDINGLY**

---

This case involves a settlement between Counter-plaintiffs—Milton J. Anderson, John E. Buckholtz, and Anne M. Anderson on behalf of themselves and similarly-situated USW retirees, and their former union, USW—and the Counter-defendant Verso Corporation n/k/a/ Billerud Americas Corporation. The matter before the Court is whether to give final settlement approval under Fed. R. Civ. P. 23.

1

A fairness hearing was held on November 21, 2023. Doc. #117. Counsel for the Counter-plaintiffs and class counsel, John G. Adam, and Counter-defendant Verso, Steven M. Loewengart, appeared and participated.

For the reasons provided by counsel on the record during the fairness hearing, and for those given below, the Court grants final approval to the settlement under Fed. R. Civ. P. 23.

I.

### A. Pre-65 Retiree Healthcare

**Lawsuit**. In 2019, Verso invoked the Declaratory Judgment Act (DJA), 28 U.S.C. §§2201-2202; the Labor-Management Relations Act (LMRA), 29 U.S.C. §185(a); and Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1132, to seek a declaration that Verso's decision to end retirement healthcare for former USW-represented workers who retired from Verso or from one of Verso's predecessors between December 21, 2012 and December 31, 2017. The action involved Verso's discontinuation of that healthcare and premium reimbursement option ("PRO") for retired workers under the age of 65 ("pre-65 retirees") in 2018.

**CBAs provided for pre-65 healthcare prior to termination of same**. The retiree healthcare of the USW retirees is governed by collective bargaining agreements that governed USW bargaining units at Verso paper mills in Michigan, Maryland, and Wisconsin.

**Arbitration**. The Court directed USW and Verso to arbitrate the dispute over Verso's termination of pre-65 healthcare, Doc. #103. After denying Verso's reconsideration motion, Doc. #107, the parties engaged in settlement discussions and reached a mutually acceptable settlement that is reflected in the Counter-plaintiffs' agreed-upon motion Doc. #109, and Settlement Agreement, Doc. #109-1 (herein "Agreement").

**Class Action Settlement Agreement**. To effectuate the Agreement, the Counter-plaintiffs and Counter-defendant agreed to Rule 23(b)(2) procedures to ensure due process and protection for the class members. Doc. #109. The Court reopened the case in April 2023, allowed the retirees to file a counterclaim (Doc.# 109-4), and required notice to the USW retiree class members. Doc. #112.

**$285,800.00 Settlement**. Under the Agreement, Doc. #109-1, as amended Doc. #116, Verso agreed to pay $285,800.00 to the USW. After deducting $5,000 for costs, USW is to distribute the remaining $280,800.00, on a pro-rata basis, to the class members. This means that each of the 117 retirees will receive a one-time payment expected to be around $2,400.00. This payment covers some of the costs of healthcare insurance replacement or medical expenses incurred by the class members after Verso ended the pre-65 healthcare benefits.

### B. Preliminary Approval of Class Action Settlement

This Court preliminarily approved the Agreement and notice to class members. Doc. #112. The Court set an objection deadline and fairness hearing (Doc. #112), with both dates extended to ensure notice to all class members, Doc. #117. Verso has indicated that it provided notice of the settlement to the appropriate state and federal officials, as specified in 28 U.S.C. § 1715 ("CAFA"). Class counsel provided notice to the class members, Doc. #113, 114, and 118.

The class is defined as: All pre-65 retirees who retired from Verso and who worked in USW-represented collective-bargaining units at the Escanaba, Michigan paper mill, the Luke, Maryland paper mill, and Wisconsin paper mills who were affected by Verso's 2018 termination of the pre-65 retiree healthcare or premium reimbursement option ("PRO") program under the USW and Verso collective-bargaining agreements. Doc. #112.

## II.

Upon review of the record, the Agreement and appendices thereto, and hearing from counsel for both sides at the fairness hearing, the Court finds the following:

1. All class members were given notice of this action, the proposed Agreement, and other pertinent information, as ordered by the Court. The notice was reasonable, the best notice practicable, and satisfied all the requirements of Rule 23 and due process. Verso provided notice to the applicable state and federal officials.

2. No class member objected to this settlement.

3. Verso shall pay $285,800.00 to USW. After deducting $5,000 for costs, USW shall distribute all the remaining $280,800.00, on a pro-rata basis, to the class members.

4. The Court finds that the settlement reflected in the Agreement satisfies the standards for final approval of a class action settlement under Rule 23(e) and that it is fair, reasonable, and adequate.

5. Specifically, USW retiree class representatives Milton J. Anderson, John E. Buckholtz, and Anne M. Anderson are adequate representatives of the class members in that they are members of the class and possess the same interests, and suffered the same alleged injuries, as other class members. They serve as class representatives without compensation. All class members, including the class representatives, are treated alike by the Agreement. No class representative or class member receives preferential treatment.

6. Both sides vigorously pressed their interests throughout this litigation and reached a mutually beneficial and informed compromise at arm's length.

7. Class counsel John G. Adam is qualified under Rule 23(g) and has adequately and admirably represented class members' interests. Class counsel will receive no fees from Verso or any proceeds from the $285,800.00 settlement funds.

8. The relief provided in the Agreement to the class members is fair, reasonable, and adequate, considering the costs, risks, and delay associated with continued litigation and any appeal. The legal landscape has become less favorable for retirees after *M & G Polymers USA, LLC v. Tackett*, 574 U.S. 427 (2015). See also *Bailey v. Verso Corp.*, 2021 WL 5815727 (S.D. Ohio 2021)(Newman, J.)(granting final approval to retiree class action settlement).

9. The Agreement provides certainty and greater security for all class members than continued litigation.

## III.

Considering the foregoing, the Court hereby **ORDERS** that:

1. The class settlement is hereby granted final approval;

2. Verso shall pay $280,800.00 to USW within 60-days of the entry of this order.

3. USW shall distribute the $280,800.00 on a pro-rata basis to class members withing 45 days of receipt of the funds.

4. Verso shall pay $5,000.00 to USW for costs within 60-days of the entry of this order.

### IT IS FURTHER ORDERED THAT:

1. Pursuant to the Agreement, this action is hereby **DISMISSED WITH PREJUDICE**, subject to reopening, by motion, to enforce the Agreement.

2. The clerk shall **ENTER A JUDGMENT** to read, ORDER: GRANTING FINAL APPROVAL TO THE USW RETIREES AND VERSO CLASS SETTLEMENT UNDER FED. R. CIV. P. 23.

### IT IS SO ORDERED.

Date: 11-21-23

Walter H. Rice
United States District Judge